UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

KARA L.,

              Plaintiff,

v.                                                                          5:25-cv-00086
                                                                            (ML)
COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.

_____

APPEARANCES:                                                    OF COUNSEL:

OLINSKY LAW GROUP                                       JULIE ATKINS, ESQ.
  Counsel for the Plaintiff
250 South Clinton Street - Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION              FERGUS J. KAISER, ESQ.
  Counsel for the Defendant                            Special Assistant U.S. Attorney
6401 Security Boulevard
Baltimore, Maryland 21235

MIROSLAV LOVRIC, United States Magistrate Judge

## <u>ORDER</u>

Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard in connection with those motions on March 20, 2026, during a telephone conference

---

[1]    This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

conducted on the record.  At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1)      Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is GRANTED.

2)      Defendant's motion for judgment on the pleadings (Dkt. No. 16) is DENIED.

3)      The Commissioner's decision denying Plaintiff Social Security benefits is REVERSED.

4)      This matter is REMANDED to the Commissioner, without a directed finding of disability, for further administrative proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four of 42 U.S.C. § 405(g).

5)      The Clerk of Court is respectfully directed to enter judgment, based upon this determination, REMANDING this matter to the Commissioner for further administrative proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

Dated: March 24, 2026
        Binghamton, New York

_Miroslav Lovric_

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KARA L.,

                                        Plaintiff,


-v-                                     25-CV-86


COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.
-----------------------------------------------------------x


**DECISION TRANSCRIPT**
**BEFORE THE HONORABLE MIROSLAV LOVRIC**
March 23, 2026
15 Henry Street, Binghamton, NY 13901



For the Plaintiff:

    OLINSKY LAW GROUP
    250 South Clinton Street - Suite 210
    Syracuse, New York 13202
    BY:  **JULIE ATKINS, ESQ.**


For the Defendant:

    SOCIAL SECURITY ADMINISTRATION
    6401 Security Boulevard
    Baltimore, Maryland 21235
    BY:  **FERGUS J. KAISER, ESQ.**




*Hannah F. Cavanaugh, RPR, CRR, CSR, NYACR, NYRCR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

(The Court and all parties present by telephone. Time noted: 12:10 p.m.)

THE COURT: All right. The Court is going to commence its reasoning, analysis, and decision as follows: Plaintiff commenced this proceeding pursuant to Title 42, United States Code, Section 405(g) to challenge the adverse determination by the Commissioner of Social Security finding that she was not disabled at the relevant times and therefore ineligible for the benefits that she sought.

By way of background, the Court notes as follows: Plaintiff was born in 1979. She is currently approximately 47 years of age. She was approximately 42 years of age on the date of her application for benefits. At the time of her administrative hearing on April 18, 2024, plaintiff lived with her boyfriend and her young son. She is a high school graduate who attended two years of college and two years of nursing school, but did not obtain a degree. Plaintiff's work history includes jobs as a grocery store cashier, certified nursing aide, and medical office assistant. Plaintiff testified that she stopped working due to leg and back pain that required surgery. Following surgery, plaintiff still reported numbness and pain that was exacerbated by bending, prolonged standing, and walking. At the time of the hearing, plaintiff was receiving outpatient mental health therapy on a weekly basis.

Procedurally, the Court notes the following:

Plaintiff applied for Title II and Title XVI benefits on November 24th of 2021, alleging an onset date of April 9, 2019. In support of her application for benefits, plaintiff claims disability based on back -- excuse me, based on back pain, depression, and anxiety.  Administrative Law Judge Bruce S. Fein conducted a hearing on April 18th of 2024, to address plaintiff's applications for benefits.  ALJ Fein issued an unfavorable decision on April 26th of 2024.  That decision became the final determination of the agency on December 10th of 2024, when the Appeals Council denied plaintiff's request for review.  This civil action was commenced on January 16, 2025, and it is timely.

In his April 26th of 2024, decision at issue in this case, the ALJ first determined that plaintiff met the insured status requirements of the Social Security Act through March 31st of 2026, and then the ALJ commenced the familiar five step test for determining disability.

At step one, the plaintiff -- excuse me, the ALJ concluded that plaintiff had engaged -- had not -- excuse me, just one second.  Let me start that over.

At step one, the ALJ concluded that plaintiff had engaged in substantial gainful activity between May 2022 and December 2022, based on earnings records for work as a grocery store cashier.  However, the ALJ found that there had been one or more continuous 12 month period during which she did not

engage in substantial gainful activity after the alleged onset date.  The ALJ's disability determination covered those periods.

At step two, the ALJ concluded that plaintiff had the following severe impairments:  First, lumbar disc disease with radiculopathy; second, post lumbar decompression and fusion of L4-S1; next, post anterior surgical fixation and fusion surgeries at C5-C6; rheumatoid arthritis; anxiety disorder; and major depressive disorder.

At step three, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equalled the severity of any listed impairments.  In making this determination, the ALJ expressly considered the following listings:  Listing 1.15 dealing with disorders of the skeletal spine; listing 1.16 dealing with lumbar spinal stenosis; listing 12.04 dealing with depressive, bipolar, and related disorders; listing 12.06 dealing with anxiety and obsessive-compulsive disorders; and listing 14.09 dealing with inflammatory arthritis.

Next, the ALJ determined that plaintiff has the residual functional capacity, also known as RFC, to perform less than the full range of light work.  Specifically, the ALJ concluded the following:  The ALJ concluded that plaintiff can perform all postural tasks on an occasional basis, can occasionally push and pull bilaterally, and can occasionally interact with coworkers, supervisors, and the public.  The ALJ

further found that plaintiff should work in a low stress job, defined as one "having only occasional decisionmaking, changes in work setting, and judgment required on the job."

At step four, the ALJ relied on the vocational expert testimony to determine that plaintiff is not able to perform any past relevant work.

Again relying on the vocational expert testimony at step five, the ALJ found that considering plaintiff's age, education, work experience, and RFC, that there were jobs existing in significant numbers in the national economy that plaintiff can perform.

Accordingly, the ALJ found that plaintiff was not disabled from her alleged onset date through the date of the ALJ's decision.

Turning now to plaintiff's arguments in this matter, as the parties know, this Court's functional role in this case is limited and extremely deferential.  The Court must determine whether correct legal principles were applied and whether the determination is supported by substantial evidence, which is defined as such relevant evidence as a reasonable mind would find sufficient to support a conclusion.  As the Second Circuit noted in *Brault v. Social Security Administration Commissioner,* at 683 F.3d 443, that's a 2012 case, the Circuit therein indicated that this standard is demanding, more so than the clearly erroneous standard.  The Second Circuit noted in *Brault*

that once there is a finding of fact, that fact can be rejected only if a reasonable factfinder would have to conclude otherwise.

In this case, plaintiff raises two primary contentions in these proceedings.  First, plaintiff argues that the Appeals Council failed to properly consider new and material evidence.  Specifically, plaintiff alleges and challenges that the Appeals Council's refusal to consider Dr. Bradley Layton's previously unavailable opinion of plaintiff's physical and mental health limitations based on his 11 years as plaintiff's primary care physician.  Secondly, plaintiff also argues that the ALJ failed to properly evaluate the medical opinion evidence.  In particular, plaintiff contends that the ALJ failed to incorporate the "moderate to marked" limitations opined by consultive psychiatric examiner Dr. Jeanne Shapiro into the RFC determination, despite labeling Dr. Shapiro's opinion as "persuasive."

The Court will now turn to its reasoning, analysis, and decision.  This Court finds that remand for further administrative proceedings is required to allow for proper consideration of the new and material evidence presented to the Appeals Council, for the following reasons:  Dr. Layton opined in relevant part that plaintiff can rarely lift 10 pounds, that plaintiff can sit for 45 minutes to 1 hour at one time, and stand for 20 minutes continuously before needing to change

positions.  Dr. Layton also opined that plaintiff can sit for a total of about two hours and standing or walking for a total of about two hours over the course of the workday.

Dr. Layton further opined that plaintiff would need four to five breaks throughout the workday and was unable to meet the competitive standards for regular attendance, performing at a consistent pace, and responding appropriately to changes in routine.  He further opined that plaintiff would be off task for more than 20 percent of the workday and was likely to miss more than four workdays per month.

Dr. Layton's April 29, 2024, opinion is clearly "new" -- is clearly "new" since it is dated three days after the ALJ's decision, and thus was unavailable at the time of the ALJ's disability determination.  This Court also finds that plaintiff had good cause for failing to provide the document earlier, because the record and the hearing transcript reflect plaintiff's ongoing efforts to obtain up to date medical records from Dr. Layton and other providers.

Moving then to materiality, this Court finds that Dr. Layton's opinion is material, in that it expressly relates back to at least April 9th of 2019, and provides an assessment of plaintiff's physical and mental health functional limitations based upon the primary care provider's 11-year treatment relationship with the plaintiff.

Dr. Layton's treatment notes, some of which were

included in the record before the ALJ and others which were submitted to the Appeals Council, reflect the primary care physician's involvement in plaintiff's care for back pain, anxiety, and depression and his multiple referrals of plaintiff for specialized orthopedic, pain management, rheumatology, and mental health care.

In addition, the only medical opinions available to the ALJ were from consultants who either reviewed the available medical record or performed a single consultive examination, an approach that is not always indicative of an individual's longitudinal health.  Dr. Layton's opinion is significantly more restrictive than any of these consulting opinions.  It thus appears a "more than reasonable" possibility that the opinion of plaintiff's primary care physician, who had direct observation of plaintiff's physical and mental health over an 11-year period, could influence the ALJ to reach a different disability determination.

Therefore, remand for further administrative proceedings to consider this new and material evidence is appropriate.  By ordering remand, this Court is not making any comment on how persuasive the ALJ should find this new evidence.

Moving briefly to plaintiff's second argument, this Court finds that it does not present independent grounds for remand on the record.

Plaintiff argues that the ALJ ignored Dr. Shapiro's

opinion that plaintiff had "moderate to marked" limitations in regulating emotions, controlling behavior, and maintaining wellbeing.  However, the ALJ's RFC determination limited plaintiff to jobs that required only occasional social interaction and could be classified as "low stress" because they required only occasional decisionmaking, changes in work setting, and exercise of judgment.

Courts have regularly found that an RFC limiting an individual to low stress work with only occasional social interaction, simple decisionmaking, and changes in the work setting are compatible with the "moderate to marked" limitations assessed by Dr. Shapiro.  Therefore, any error in the ALJ's discussion of Dr. Shapiro's opinion would be harmless.

This Court notes that consideration of Dr. Layton's opinion, which includes a mental health component, will likely require reassessment of the supportability and consistency of Dr. Shapiro's opinion on remand, as well.

Accordingly, and based upon this analysis, plaintiff's motion for judgment on the pleadings is granted, defendant's motion for judgment on the pleadings is denied, and the matter is reversed and remanded to the Commissioner pursuant to sentence four of Title 42, U.S. Code, Section 405(g) for further proceedings consistent with this decision and order.

(Time noted:  12:24 p.m.)

CERTIFICATE OF OFFICIAL REPORTER


I, HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR, Official U.S. Court Reporter, in and for the United States District Court for the Northern District of New York, DO HEREBY CERTIFY that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 23rd day of March, 2026.


s/ Hannah F. Cavanaugh_____

HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR

Official U.S. Court Reporter